WILLIAM MANCHESTER and others, Superintendents of the poor of
Madison County, vs. SAMUEL E. STORRS, and others.

## THE SAME VS. THE SAME.

Under the code, a demurrer can be interposed *only* to the *entire* complaint. A demurrer to
a part of the complaint and an answer to the residue, where it appeared that the complaint
contained allegations which were all connected together in the statement of one entire
cause of action—*held*, that in joining both the issues of law and fact, there has been a mis-
pleader—nor where a complaint contains two or more *distinct causes of action*, can a de-
murrer be interposed to a part of it.

*Madison Circuit.*

WM. J. HOUGH, *for Plaintiffs.*
BROWN & ELDREDGE, *for Defendants.*

Issue of law, by a demurrer to a part of the complaint.
Issue of fact on a plea of *nil debit* to residue of the complaint.

GRIDLEY, Justice.—The counsel for the Defendants asks to argue the
demurrer before trying the issue of fact, while the counsel for the Plain-
tiff's insists, that there is no legitimate demurrer; and asks to have the
issue of law stricken from the calendar, which will leave the complaint
admitted on the record, except so much of it as is denied by the answer.

The complaint is on a bastardy bond, commencing by an allegation,
that the Defendants are indebted to the Plaintiffs, as superintendents of
the poor, &c., in the sum of $600; and then proceeds to set out the
giving of the bond, in the penalty of $600, and the proceeding which led
to the giving of the bond, &c., and closes with an assignment of the breach
of the bond, and the formal conclusion. There is no ground for saying,
that the *first* allegation, above set forth, is in the nature of a separate
count—stating an independent cause of action, for several reasons: 1st.
*General pleading* is abolished—a complaint must now "*state the facts
constituting the cause of action.*" (Section 120 of the code.) In the state-
ment in this complaint to which allusion has been made, there is *no fact*
stated, as a ground of indebtedness, or as a consideration for such indebt-
edness; nor is it alleged how the Defendants were indebted to the Plain-
tiffs, as superintendents of the poor or otherwise, except by reference to
the residue of the complaint, in which the pleader refers to the $600 above
demanded in this, opening sentence; connecting that allegation, with the
subsequent averments. The plea of *nil debit* pleaded to a part of an en-
tire and connected statement of the cause of action contained in the com-
plaint, has presented an issue, not warranted by the code. Besides, this

fragment of the complaint to which the plea is interposed, as well as the plea itself, is pleading of the most *general* kind, which is condemned and abolished by the code. This issue of fact, therefore, should not be tried.

Now as to the issue of law. The demurrer professes to apply to only a part of the complaint—whereas, in truth, it goes to the entire complaint, being founded on grounds applicable to the whole complaint and to the whole action. One of these grounds is a defect of parties; and another is, that the complaint does not set forth facts sufficient to constitute a cause of action—both of these grounds are applicable to the entire complaint—and the demurrer would be bad under the rules of pleading which formerly prevailed.

But I have heretofore, in the case of *De Witt* v. *Swift*, (3 Howard's Sp. T. R., 280,) had occasion to express my opinion in relation to demurrers under the code. We must forget all old rules respecting demurrers, and regard a demurrer now as a pleading *created*, with its *character* and *office defined* by the code. No demurrer will lie, except to "*a complaint*," nor for any other causes except the six grounds specified, in section 122. There is no authority for demurring to a *part* of a complaint, however convenient that might be, when a complaint contains two or more distinct causes of action. Nor are the grounds for which a demurrer lies, consistent with the idea, that a demurrer is to be pleaded to part of a complaint, some, if not all, can apply to nothing but the entire complaint. At all events there can be no pretence, that a demurrer is authorized to a *part* of the allegations, all of which are connected together in the statement of one entire cause of action. It may excite our suprise that, while at *law*, a demurrer was allowed to one of several different counts, and while in *equity*, you might demur to a part and answer to the residue of the bill, that the legislature should have forbidden a demurrer, except to the entire complaint. But, we must take the law as we find it. It is our province to expound and administer, but not to change it.

My opinion, therefore, is, that in joining both the issue of law and of fact, there has been a mispleader—I can only, on this occasion, refuse to try, and strike them from the calendar—but I advised the parties to agree to abandon those issues, and to amend their pleadings, to which they assented.