David S. Billis, Plaintiff in Error, *vs.* The Steamboat "Henrietta," Defendant in Error.

This cause was brought to the Supreme Court by Writ of Error to the District Court of Ramsey County.

The Complaint set forth that on the 1st of May, 1854, at Tabula, Iowa, four boxes belonging to the Plaintiff, were shipped on board the Defendant, and which, by a certain contract, or agreement in writing, made by the proper officer or agent of said boat, were to be transported on said boat and delivered, without delay, &c, unto J. W. Bass & Co., they paying freight, &c.; that said boxes were marked "D. S. Bellis, care of J. W. Bass & Co., St. Paul."

That two of said boxes had not been delivered in pursuance

of said contract, but that they had been lost by the negligence and carelessness of the officers of the boat, and that the contents of said boxes were worth four hundred dollars.

The Defendant demurred to the Complaint, because it did not state or show that the steamboat "Henrietta," was, or is used in navigating the waters of this Territory,

And because it did not state facts showing that said boat was liable for the Plaintiff's supposed demand,

And because it did not set forth the Plaintiff's demand in all its particulars, or with sufficient certainty,

And because it did not state on whose account the claim accrued,

And because it did not appear that said Complaint was filed with the Clerk of the District Court of the county in which said steamboat "Henrietta" was then lying, or that the said boat was then within the jurisdiction of the Court.

A motion was made by the Defendants to vacate the attachment against the boat, founded upon the same objections to the complaint.

The motion and demurrer were noticed for argument on the same day. The motion was allowed on the 20th day of December, 1854, and the order sustaining the demurrer was dated the 25th day of January, 1855.

The following opinion was filed by M. Sherburne, Judge of the District Court:

*By the Court*—SHERBURNE J. This is a demurrer to the Complaint. The action is brought by virtue of a provision of the Statute of this Territory, is summary in its character, and is unknown to the common law. It is unnecessary therefore to cite authorities to sustain the position that in such process, the provisions of the Statute, must be substantially, if not literally complied with. Without form, registry, or any notice whatever to the public, a lien upon steamboats navigating the waters of this Territory is created by law for the discharge of all claims, which have accrued, or demands which have arisen on account of the same, when contracted by the master, owner, agent, or consignee.

That owners and subsequent purchasers may have some pro-

tection against this extraordinary provision of law, the Statute is imperative that the Complaint *shall* set forth the Plaintiff's demand in all its particulars and on whose account the same accrued.

It is unnecessary to decide whether the particulars of the demand are sufficiently set forth in this case, for there is no attempt whatever in the complaint to show on whose account the demand accrued, and this must be fatal to the proceeding. There is an attempt to set up a contract with the boat, but it should appear distinctly in the complaint with what person by name, such contract was made. It is not sufficient to allege that it was made with the Clerk, or master or agent of the boat, but his name should be stated. This is a matter of substance and not of form. Masters, agents and owners of steamboats are constantly changing, and their consignees are even more uncertain.

The allegation in this complaint is that the .contract was "made and entered into by the proper officer or agent of the boat." This furnishes no information whatever to its present owners or agents, and while it may be tied up by virtue of attachment, they will stand an even chance of not knowing whether such contract was ever made, or, if made, who made it and is responsible for its violation; a branch of business in which a whole community is so largely interested as this is in steamboating, should not be thus jeopardized, unless the necessity arises from some positive provision of law. But the law in this case is otherwise. It is positive in its character and should not be frittered away by construction.

The demurrer must be sustained.—*Sec. 3, Scammon's Rep.*, 144; 18 *Missouri Reps.* 558; 6 *ibid*, 375.

The following are the points and authorities relied upon by Counsel for the Plaintiff in Error :

The following are the points upon which the Plaintiff in Error relies for a revisal of the Judgment and proceedings of Court below.

*First.* The Court below, on motion of the Defendant, granted an order vacating and setting aside the warrant, on the ground

Billis v. The Steamboat Henrietta.

of alleged defection in the complaint : In this there is a manifest error, because,

1. The Complaint is sufficient in all respects.—*Rev. Stat.*, *Chap.* 86; *also p.* 337, *Sec.* 60 ; 6 *Missouri R.*, 37, 381, 552 and 555 ; 7 *Missouri R.* 213 ; 8 *Missouri R.*, 358 ; 13 *Missouri R.*, 519.

2. The defect (if any,) is one of form only, and furnishes no ground for quashing the writ.

3. The Complaint in this class of cases is not in the nature of preliminary proofs for the purpose of conferring jurisdiction to issue process, but the jurisdiction is created by the express terms of the Statute ; hence however defective the Complaint, it furnishes no grounds for quashing the writ.

4. The Defendant before the notice of motion, appeared generally in the action, and thereby waived all defects in the process and proceedings, by which he was brought into Court. After such appearance, it was too late to object to the writ for any cause.—*Rev. Stat. p.* 420, *Sec.* 26 ; ' 2 *Caine's R.*, 134 ; 2 *Cow. R.*, 467 and 468; 5 *Cow. R.*, 15 ; 7 *Cow. R.*, 366; 6 *Wend.* 594 ; 17 *Wend.*, 134; 18 *Wend.*, 581 ; 2 *Hill.* 362 ; 2 *How. Pr. R.*, 241 ; 3 *How. Pr. R.*, 27 ; 5 *How. Pr. R.*, 233 ; 6 *How. Pr. R.*, 437 ; 2 *Burr. Pr.*, 11 ; 6 *Missouri R.*, 50.

*Second.* The Court below, after granting the Defendant's motion, to vacate and set aside the said writ, together with all proceedings under the same, rendered judgment for the Defendant upon demurrer to the Complaint ; in which there was also manifest error, because,

1. The Complaint was sufficient in law, and substantially conformable to the Statute, in all respects.—*Rev. Stat., p.* 337,. and *Chaps.* 86 of *Rev. Stat., Russell vs. St. Boat Elk* ; 6 *Missouri R.*, 552; *Byran vs. same boat*, 6 *Missouri R.*, 555 ; *Camden & Co. vs. St. Boat Georgia, Missouri R.*, 381 ; *Erskin & Glen, vs. S. B. Thomas, Missouri R.*, 37 ; 7 *Missouri R.*, 213, 8 *do.* 358, 13 *do*, 519.

2. If defective, the defect is not a demurrable one.—*Rev. Stat., p.* 337; 3 *How. Pr.*, 410 ; 1 *Hill*, 130 ; *Van Sanford's Pr.*, 377 and 380 ; 6 *Missouri R.*, 522 and 555 ; *vide also authorities in Mo. R. above cited.*

3. Admitting the defect to be ground of demurrer, it was a

·defect in form only, and the Plaintiff should have been allowed to amend upon terms.—*R. S. amend'ts, p.* 9, *Sec.* 28; 6 *Missouri R.*, 381; 9 *Missouri R.* 146 *and* 629.

4. The motion to vacate and set aside the writ, and all proceedings under the same, was granted, December 20th, 1854. This was equivalent to a dismissal of the action, and was a final determination thereof, and the subsequent proceedings upon the demurrer, including the judgment, were *coram non judice* and void.—*Bigelow vs. Stearns*, 19 *John R.*, 41; *Colier vs. Luther*, 9 *Cow.* 63; *Blom vs. Burdick*, 1 *Hill,* 139.

The Points and authorities of the Defendant in Error are not on file, and there is no opinion on file in the Supreme Court, and no record of the order of that Court upon the final hearing of the cause.

H. R. BIGELOW, Counsel for Plaintiff in Error.

AMES & VAN ETTEN, Counsel for Defendant in Error.